## Case No. 4,975.

FOSTER v. LINDSAY et al.

[1 Ban. & A. 605;[1] 7 O. G. 514.]

Circuit Court, E. D. Missouri. Dec., 1874.

---

[1] [Reported by Hubert A. Banning. Esq., and Henry Arden, Esq., and here reprinted by permission.]

Hatch & Parkinson, for complainant.
Kellogg & Holmes, for defendants.

Before TREAT, District Judge.

The court delivered no written opinion, but after stating the nature of the motion, and the character of the suit in which it was made, .referred to the 16th section of the statute of 1836 as analogous to the one it was called upon to construe. The case of Mowry v. Whitney, 14 Wall. [81 U. S.] 434, was referred to, as indicating the construction put upon that statute by the supreme court. That was a suit in equity for the repeal of a patent, on the ground of fraud in the extension of it, brought in the name of a party who had been sued for an infringement. The supreme court held that "no one but the government, either in its own name or the name of its appropriate officer, or by some form of proceeding which gives official assurance of the sanction of the proper authority, can institute judicial proceedings for the purpose of vacating or rescinding the patent which the government has .issued to an individual, except in the cases provided for in section sixteen of the act of July 4, 1836;" that under this 16th section the court was only authorized to try the conflicts of claim arising from two interfering patents, and only to annul or set aside one patent so far as is necessary to protect the rights of the other party; that the decree in such a suit, can have no validity, except between the parties to the suit, and that the general public is left to the protec-

tion of the government and its officers. The court, after a review of this case of Mowry v. Whitney [supra], held the statute of 1870 to be broader in its application than that of 1836; that under it the court was authorized to review both patents on their merits, and to decree the cancellation, not only of either, but of both; and that it might do so on the ground of want of novelty in either, or both, or any other ground that would, in an action for infringement, affect the validity of either.

The motion was accordingly overruled.